1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2
    BRIAN STRETCH (CSBN 163937)
3   Chief, Criminal Division

4   SUSAN B. GRAY (CSBN100374)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, 9th Floor
6       San Francisco, California 94102
        Telephone: 415.436.7324
7       Facsimile: 415.436.7234
        Email: Susan.B.Gray@usdoj.gov
8
    Attorneys for United States of America
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )
                                       )        No. CR 09-0417 MHP
14                    Plaintiff,       )
                                       )
15          v.                         )   STIPULATION AND [PROPOSED] ORDER
                                       )   AUTHORIZING INTERLOCUTORY SALE
16  MAHER FAYEZ KARA, MOUNIR           )        OF REAL PROPERTY
    FAYEZ KARA (aka MICHAEL F. KARA),  )
17  and EMILE YOUSSEF JILWAN,          )
                                       )
18                    Defendants.      )
                                       )
19  _____)

20      1.      The United States and defendant, Mounir Fayez Kara (aka Michael F.

21              Kara)(hereinafter "defendant") through counsel, agree, subject to the Court's

22              approval, to an interlocutory sale of defendant real property and improvements

23              located at 616 Sugarloaf Court, Walnut Creek, Contra Costa County, California

24              94596-6354 (APN # 187-020-080-3), and further described in Exhibit A, which is

25              attached hereto)( hereinafter "defendant property")

26      2.      The United States and defendant agree to the interlocutory sale of defendant

27              property on the terms set forth in this agreement which cannot be modified except

28              in writing signed by all parties.

3.     The "net proceeds" from the interlocutory sale of defendant property will be determined at the close of escrow based on the purchase price for defendant property after deducting the ordinary and reasonable costs of sale charged to a seller at closing, such as a reasonable real estate commission and costs of recording, but does not include attorneys' fees,

4.     The parties agree to an interlocutory sale on the following terms:

    a.    The real estate agent or broker will be provided with a copy of this stipulation and order, and must agree to comply with its terms in writing.

    b.    Defendant and the real estate agent or broker selected agree to inform the United States and the other claimants of the title company which will handle the escrow, and to provide a copy of this stipulation and order to the title company.

    c.    Within 24 hours of receiving any offer to purchase defendant property, defendant and the real estate agent or broker selected agree to provide a copy of any such offer to purchase to the undersigned Assistant United States Attorney by facsimile at 415.436.7234 or email.  Prior to accepting any offer for defendant property defendant shall obtain the written approval of the United States.  The United States will not unreasonably withhold its approval.

    d.    The escrow officer must provide to the United States, which must approve in writing, the estimated closing costs before the closing of escrow can take place for the sale of defendant property.  The United States will not unreasonably withhold its approval.

    e.    Prior to the close of escrow of a sale approved by the United States, the United State will provide to the escrow officer a release of the *lis pendens* filed against defendant property in the Contra Costa County Recorder's Office.

    f.    The escrow officer at the title company handling the close of escrow is

directed to deliver $204,627.24 from the "net proceeds" of the
interlocutory sale, as defined in paragraph 3 above, by check made payable
to the "United States Marshals Service", to the Asset Forfeiture Unit,
Attention: Andrea Howard, Office of the United States Marshal, 450
Golden Gate Avenue, San Francisco, California 94102.  The United States
Marshals Service will deposit the $204,627.24 in the appropriate interest
bearing account where it will remain until further order of the Court.

g.    If defendant property has not been sold to a bona fide purchaser for value
within 180 days, this order authorizing the interlocutory sale is invalid.

5.    The parties agree that the Court is authorized to issue additional orders, as
necessary, to implement the interlocutory sale of defendant property.

6.    The United States and defendant agree that the $204,627.24 deposited in the
interest bearing account of the United States Marshals Service shall automatically
be substituted as defendant in this action and that the United States Marshals
Service shall retain custody of that substitute *res* pending resolution of this civil

//
//
//
//
//
//
//
//
//
//
//
//
//

Stip & Order Re: Interlocutory Sale
No. CR 09-0417 MHP                              3

forfeiture action. The United States shall have the same claims against the substituted *res*, the $204,627.24, as it does against defendant property. Defendant shall have the same defenses against the substituted *res*, the $204,627.24, as he does against defendant property.

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: July 8, 2009

SUSAN B. GRAY
Assistant United States Attorney

Dated: July 8, 2009

ISMAIL RAMSEY
MILES EHRLICH
Attorneys for Defendant Mounir Fayez Kara
(aka Michael F. Kara)

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS _____ DAY OF  July 13  , 2009.

MARILYN HALL PATEL
United States District Judge

IT IS SO ORDERED
Judge Marilyn H. Patel

Stip & Order Re: Interlocutory Sale
No. CR 09-0417 MHP

4

EXHIBIT A

PARCEL ONE:

ALL OF LOT 2, AS SHOWN ON THAT CERTAIN MAP OF SUBDIVISION 7207, FILED
SEPTEMBER 2, 1992 IN BOOK 363 OF MAPS AT PAGE 35, CONTRA COSTA COUNTY RECORDS
AND A PORTION OF THE PROPERTY DESCRIBED AS PARCELS "A" AND "B" IN THAT CERTAIN
QUITCLAIM DEED RECORDED NOVEMBER 15, 1996, SERIES NO. 96-215940, OFFICIAL
RECORDS, AS APPROVED BY INSTRUMENT RECORDED SEPTEMBER 8, 1999, SERIES NO. 99-
240522, OFFICIAL RECORDS, FURTHER DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEASTERLY CORNER OF SAID LOT 2; THENCE FROM SAID POINT
OF BEGINNING ALONG THE PERIMETER OF SAID LOT 2, THE FOLLOWING TWO COURSES: 1)
NORTH 89° 38' 02" WEST, 152.00 FEET AND 2) NORTH 0° 21' 58" EAST, 212.81 FEET;
THENCE LEAVING SAID PERIMETER NORTH 0° 21' 58" EAST, 23.71 FEET TO THE NORTHERLY
LINE OF SAID PARCEL "A"; THENCE ALONG SAID NORTHERLY LINE, FROM A TANGENT
WHICH BEARS SOUTH 84° 41' 32" EAST, ALONG A CURVE TO THE LEFT HAVING A RADIUS
OF 2,021 FEET, THROUGH A CENTRAL ANGLE OF 4° 48' 00", FOR AN ARC LENGTH OF 169.31
FEET; THENCE LEAVING SAID NORTHERLY LINE SOUTH 4° 38' 00" WEST, 229.65 FEET TO
THE POINT OF BEGINNING.

PARCEL TWO:

A NON-EXCLUSIVE EASEMENT FOR PRIVATE ACCESS AND UTILITY PURPOSES, DESIGNATED
AND SHOWN AS "P.A. & U.E." ON THE FILED MAP OF SUBDIVISION 7207, FOR THE BENEFIT
OF PARCEL ONE HEREINABOVE, FOR, BUT NOT LIMITED TO, ACCESS, RECREATION,
PARKING, UTILITIES, DRAINAGE, INGRESS AND EGRESS.

EXCEPTING FROM PARCEL TWO: THAT PORTION THEREOF LYING WITHIN PARCEL ONE
ABOVE.