MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorney for Defendant Mounir Kara

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>MAHER KARA,<br>MOUNIR ("MICHAEL") KARA, and<br>EMILE JILWAN,<br><br>        Defendants. | CASE NO.: CR-09-0417 (MHP)<br><br>**JOINT STATUS CONFERENCE STATEMENT; STIPULATION AND** ~~**PROPOSED**~~ **ORDER RE SCHEDULING** |

      The United States and the Defendants submit this Joint Status Conference Statement to inform the Court of the progress of discovery, to propose additional time for the defendants to review the voluminous set of materials provided, and to propose a rescheduled hearing date − at which time the parties will all be in a position to either resolve the matter short of trial, or set firm motion and trial dates.

      The parties respectfully request that the Court vacate the status hearing currently scheduled for 10:00 a.m on October 19, 2009, and reschedule this matter for a Trial and Motions Setting Conference on *Monday, February 1, 2010 at 10:00 am*.

In support of this joint request, the parties stipulate and agree as follows:

## I.     Overview

The indictment in this case was returned on April 21, 2009.  It charges a broad-ranging insider trading conspiracy, involving multiple tippers and tippees, allegedly committed over the course of about three years.  The charges include 38 felony counts and a forfeiture allegation arising from approximately 35 separate trades in 17 different companies.

## II.    Discovery

At the last status hearing, on July 13, 2009, the government signaled its intention to produce approximately 880,000 documents responsive to its Rule 16 discovery obligations.  On that date, the government also provided a CD containing grand jury exhibits, as well as certain photographs, videos, and tape recordings.  Approximately five weeks later, in late August 2009, the government sent each of the Defendants a hard drive containing images of the 880,000 documents and the government provided assistance, where necessary, to ensure that each Defendant was able to access the electronic images and begin the review.  In late August, the government also produced 4 to 5 gigabytes of additional material from forensic images of computer hard drives used by the Defendants.

The parties agree that the recent production consists of critically important records warranting careful and thorough review by the defense.  For instance, included in this production are the telephone records for dozens of telephones allegedly used by members of the charged scheme, the stock trading and brokerage records of both charged and uncharged individuals who traded in the subject stocks, and extensive internal emails and other communications by bankers at Citigroup in which material nonpublic information was purportedly discussed in connection with the 17 companies that form the basis of the insider trading allegations.

## III.   Need for Additional Time for Effective Preparation by Defense

To date, the parties have conferred successfully in an attempt to resolve any outstanding discovery issues, and there are ongoing discussions about additional discovery that the government has promised to provide.

Given the complexity of this case, and the enormous volume of discovery materials provided, the United States and the Defendants all agree that, even with the exercise of diligence on the part of all counsel, the Defendants will still reasonably need an additional three months to complete their review of the discovery provided and to continue conferring with government counsel about the production of additional discovery pursuant to Rule 16, *Jencks*, and *Brady*.

The parties are thus in agreement that the failure to grant the continuance would deny the Defendants and their counsel the reasonable time necessary for effective preparation of their defense, taking into account the exercise of due diligence, and that under these circumstances the ends of justice served by a reasonable continuance in this matter outweigh the best interests of the public and the Defendants in a having a trial within the date otherwise prescribed by the Speedy Trial Act.

As such, the Defendants all consent to the exclusion of time under the Speedy Trial Act for the period from October 19, 2009 through February 1, 2010.

Thus, the parties respectfully request that the Court find that the time period from October 19, 2009 to February 1, 2010 is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) because it results from a continuance granted by the Court at the joint request of the parties and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial and because failure to grant the continuance would unreasonably deny the Defendants the time necessary for their effective preparation for trial, taking into account all parties' due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: October 13, 2009                    /s/                    .
Adam Reeves
Tim Lucey
Assistant United States Attorneys

                    /s/                    .

                        Carl H. Loewenson, Jr.
                        George C. Harris
                        Morrison & Foerster, LLP
                        Counsel for Maher Kara

                        _____/s/_____.
                        Miles Ehrlich
                        Ramsey & Ehrlich LLP
                        Counsel for Mounir Kara

                        _____/s/_____.
                        William H. Green
                        Counsel for Emile Jilwan

## [~~PROPOSED~~] ORDER

FOR GOOD CAUSE SHOWN, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The currently scheduled October 19, 2009 hearing is vacated.

2. A hearing for Trial and Motions Setting is now scheduled for 10:00 a.m. on February 1, 2010.

3. The time period from October 19, 2009 through and including February 1, 2010 is deemed to be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) because it results from a continuance granted by the Court at the joint request of the parties and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial and because failure to grant the continuance would unreasonably deny the Defendants the time necessary for their effective preparation for trial, taking into account all parties' due diligence.

IT IS SO ORDERED.

Dated: __10/14/2009____                          _____
                                                Hon.
                                                United

*[Stamp: IT IS SO ORDERED / Judge Marilyn H. Patel / United States District Court, Northern District of California]*